**In re SOUTHERN FRUIT & PRODUCE CO.**

(District Court, S. D. Florida. September 16, 1926.)

No. 3092.

**Bankruptcy ☞89(1)—Answer to involuntary petition held insufficient to raise issue as to alleged acts of bankruptcy (equity rule 30).**

In view of equity rule 30 as to contents of answer, an involuntary petition alleging that the debtor, within four months and while insolvent, executed a chattel mortgage to a creditor to secure a pre-existing indebtedness, with intent to hinder and defraud creditors and to prefer the mortgagee, *held* not met by an answer containing only a general denial and denial of intent to defraud, while admitting execution of the mortgage and not denying insolvency or intent to prefer.

In Bankruptcy. In the matter of the Southern Fruit & Produce Company, alleged bankrupt. On motion of petitioning creditors for adjudication on petition and answer. Granted.

Harry Katz, of Jacksonville, Fla., for bankrupt.

David J. Lewis, of Jacksonville, Fla., for petitioners.

CALL, District Judge. This cause comes on for a hearing upon the motion of the petitioning creditors for the adjudication of the bankrupt on the petition and the bankrupt's answer.

There are three acts of bankruptcy charged. The first is that the bankrupt, with intent to hinder, delay, and defraud its creditors, executed and delivered to one of its creditors, to secure a pre-existing debt, a chattel mortgage covering its stock of goods and all other property, real, personal, and mixed, owned by it; that said mortgage contained the provision authorizing the said bankrupt to sell and dispose of any of its goods and chattels in the ordinary course of its business, the only restriction being against bulk sales; that no provision was made for accounting to the mortgagee for any such sales made. The second act charged is that the bankrupt, within four months before the filing of the petition and while insolvent, with intent to prefer the creditor, did execute and deliver to it the mortgage before described. The third act charged is that, within four months before filing the petition, while insolvent, and with intent to prefer said creditor, the bankrupt paid to said creditor $250 on indebtedness owed to it.

The bankrupt answered, and alleged in the first paragraph that it did not commit either of the acts of bankruptcy set forth in the petition. The second admits the making of the mortgage mentioned in the first and second acts of bankruptcy set forth in the petition, but that said mortgage was not given with the intent to hinder, delay, or defraud its creditors. It then prays that the petition be dismissed.

The question raised by the motion is: Are the allegations in the answer sufficient to prevent an adjudication, taking the allegations in the answer well pleaded to be true? Bankruptcy proceedings are governed by the equity practice and rules. Rule 30, promulgated by the Supreme Court, provided that the answer shall, in short and simple terms, set out the defense to each claim asserted, and avoiding any general denial, but specifically admitting or denying or explaining any facts relied upon by the other party.

Applying the rule to the facts of this case, the general denial in the first paragraph of the answer cannot be taken as putting in issue the acts of bankruptcy alleged, remembering that the rule goes further, and ordains that averments other than of value or amount of damages, if not denied, shall be deemed confessed. We thus have the answer of the bankrupt, admitting the making of the mortgage to secure a past-due indebtedness, which mortgage is, under the decisions of the Supreme Court of Florida, void as against existing creditors, but denying the intent to hinder, delay, or defraud the creditors; no denial of insolvency; no denial of intent to prefer, as alleged in the last two acts of bankruptcy alleged.

I can reach no other conclusion than that the motion for an adjudication must be granted. It will be so ordered.