## HASS et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1927.)

### No. 7499.

**1. Courts ⟨⟩347(3)—There must be specific denial of allegation in bill to put it in issue (equity rule 30).**

Equity rule 30 abolishes the plea of general denial, and proof of an allegation of the bill is not required, unless it is specifically denied.

**2. Appeal and error ⟨⟩209(1)—Objection that allegation is unsupported by proof cannot be first raised in appellate court.**

The objection that there was no evidence in support of an allegation of the bill cannot be raised for the first time in the appellate court.

**3. Indians ⟨⟩15(2)—Secretary of the Interior held to have authority to prescribe restrictions in deed of land to Indian.**

Where money received from sale of an Indian's restricted allotment, retained by the department to be disbursed for his benefit only by authority of the Secretary of the Interior, was used in the purchase of other land, the Secretary had power to require restrictions embodied in the deed to such land.

**4. Judgment ⟨⟩707—State court's decree, quieting title in grantee of restricted Indian land, is not binding on United States, not party.**

Decree of state court, to which United States was not a party, quieting title in grantee of restricted Indian land, does not bar United States from action to recover lands.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Suit in equity by the United States against Mattie Hass and others. Decree for the United States, and defendants appeal. Affirmed.

Tom D. McKeown and C. F. Green, both of Ada, Okl., for appellants.

Philos S. Jones, Asst. U. S. Atty., of Wilburton, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. This is an action by the United States, on behalf of Lee Perry, a five-eighths blood Chickasaw Indian, against Mattie Hass. F. D. Hass, her husband, was made a party defendant on motion of Mattie Hass (and others, who defaulted, evidently not considering themselves affected by the decree), to cancel and declare void certain deeds of conveyance, mortgages, and leases to 40 acres of land, and to cancel and set aside a decree of the District Court of Pontotoc county, Oklahoma, rendered in pursuance of the mandate of the Supreme Court of Oklahoma between the defendants, F. D. and Mattie Hass and Lee Perry, for whose benefit this action was instituted. The material allegations in the complaint are:

That this suit is instituted by the United States by direction of the Attorney General of the United States, and at the request of the Secretary of the Interior, in its own behalf, and for and on behalf of Lee Perry, a five-eighths Chickasaw Indian, against Mattie Hass, and later, on motion of Mattie Hass, her husband, F. D. Hass, was also made a defendant.

It is alleged that Lee Perry is a five-eighths citizen of the Chickasaw Indian Nation, and is enrolled as such opposite No. 81 on the approved rolls of the citizens of blood of that Nation, and that as such there was allotted and patented to him certain lands; that pursuant to and under the rules and regulations of the Secretary of the Interior certain restricted funds, the same being derived from the sale of his restricted homestead allotment, were used in the purchase of the lands in controversy, on behalf of said Lee Perry, upon a special deed form, from the defendant F. D. Hass and Mattie Hass, his wife. They conveyed the same to said Lee Perry by warranty deed, dated November 29, 1911, for the consideration of $800, which said deed was properly recorded in the office of the register of deeds of Pontotoc county, Oklahoma, the county in which said lands were situated; that pursuant to the rules and regulations of the Secretary of the Interior, and the power vested in him by law, there was incorporated in the habendum clause of above described warranty deed, at the special instance of the Secretary of the Interior, the following restriction against alienation:

"To have and to hold said described premises unto the said party of the second part, his heirs and assigns forever, * * * except that no conveyance or assignment by the

grantee herein of any interest in the land herein described shall operate to convey title thereto unless said conveyance or assignment is approved by the Secretary of the Interior, and the grantee hereby accepts this conveyance subject to said restrictions. * * * "

That on May 2, 1912, there was filed for record in the proper recorder's office of Pontotoc county, Oklahoma, executed by Lee Perry, what purported to be a warranty deed, conveying to the defendant Mattie Hass the land in controversy; that on the 1st day of May, 1912, a deed was executed by Lee Perry for the same land to A. M. Gregg. It then sets out conveyances made by Mattie Hass and her husband to another party, and that party again conveyed the same lands to others, but the others did not appeal from the decree by default rendered against them.

The prayer of the complaint is that the court enter a decree declaring null and void the instruments executed by Lee Perry after the conveyance to him of the lands in controversy by the defendants F. D. Hass and his wife, Mattie Hass, and that Lee Perry be declared to be the owner in fee of said lands, subject to said restrictions imposed by law and the guardianship on the part of the plaintiff, and that the defendants be enjoined from asserting any right, title, and interest in and to said lands.

The answer of appellants contains: (1) A general denial; (2) that the defendant Mattie Hass is the legal and equitable owner of the land; (3) that the restrictions in their deed to Lee Perry were placed therein without their authority by some party unknown, without their knowledge and consent, nor by authority of the Secretary of the Interior or his consent.

[1] It is insisted on behalf of appellants that, although it is alleged in the complaint that Perry is a five-eighths blood citizen of the Chickasaw Indian Nation, and is enrolled as such opposite No. 81 on the approved rolls of citizens by blood of that Nation, the enrollment record, or a certified copy thereof, was not introduced in evidence, therefore there can be no recovery by the government. A certified copy of the census card, showing that Lee Perry was a five-eighths blood Indian and citizen of the Chickasaw Indian Nation was introduced. There was no specific denial of this allegation in the answer, nor does the record show that this question was raised in the court below, but was raised for the first time on this appeal. This, of course, may not be done.

But it is claimed that the first plea, which reads that "the defendants deny each and all material allegations," includes a denial of this allegation in the complaint. Equity rule 30 reads:

"The defendant in his answer shall in short and simple terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence *and avoiding any general denial of the averments of the bill,* but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial. Averments other than of value or damage, if not denied, shall be deemed confessed, except as against an infant, lunatic or other person non compos and not under guardianship, but the answer may be amended, by leave of the court or judge upon reasonable notice, so as to put any averment in issue, when justice requires it."

This rule abolishes the plea of a general denial. Bay Shore Inv. Co. v. Palmer (D. C.) 284 F. 979; Farmers' Loan & Trust Co. v. Miller (D. C.) 298 F. 758; In re Southern F. & P. Co. (D. C.) 14 F.(2d) 676. And this is the rule followed by the state courts under Codes of Practice, in which the language is similar to that used in equity rule 30. 1 Encyc. of Pleading & Practice, p. 783; Newman Pl. & Pr. 523. In Hecht v. Caughron, 46 Ark. 132, it was said that "the object" of the Code of Practice (which is almost identical with equity rule 30), "is to compel the adverse parties to disclose to each other the facts upon which they rely * * * in order that each may know what is required to establish * * * by proof upon the trial." In Chapman & Dewey Land Co. v. Wilson, 91 Ark. 30, 120 S. W. 391, where is was again held that a plea of general denial cannot be considered, the court reaffirms its former decision that a general denial is insufficient and that every material allegation of the bill not specifically denied in the answer, will be taken as true and states the object of the rule "is to advise the opposing party as to what he must establish by proof." See, also, McKenzie v. Poorman Silver Mines, 88 F. 111 (C. C. A. 8).

[2] No doubt had this question been called to the attention of the plaintiff, the proof would have been made. If counsel intended to put this allegation in the complaint in issue, it could, under equity rule 30, have obtained leave of the court to amend its answer and deny it. It is too late now to raise it. The evidence was practically conclusive in favor of the plaintiff on all issues of fact, and it

would serve no useful purpose to set it out in this opinion.

[3] The only question is whether the Secretary of the Interior had the right to prescribe the restrictive conditions contained in the deed from defendants to Perry, relating to the approval by the Secretary of the Interior of any conveyance or assignment of interest in the land by Perry. Perry was a five-eighths blood Chickasaw Indian citizen. The money with which the purchase of the land in controversy was made, was a part of the purchase money obtained by a sale of part of his allotment, on which the restrictions had been removed by the Secretary of the Interior on Perry's application, but the proceeds to remain under the control of the department.

The proceeds of the sale were in the possession of and held by the cashier and special Indian disbursing agent of the tribe at the Union Agency, who was authorized by the Acting Secretary of the Interior to disburse from the proceeds of said sale, made by Perry, $800 to purchase the land in controversy, the disbursement and purchase to be made under the supervision of the superintendent and the district agent for the benefit of Perry. Prior thereto a disbursement of $150 in cash to Perry and $100 for the purchase of cattle and hogs for him had been authorized, and the order authorizing these disbursements states: "$840 to be held pending selection of suitable land by the applicant, such action to be supervised by the department." It therefore appears that, while Perry had been authorized to sell his allotment, the entire proceeds of the sale were to be and were retained by the Indian Department for his benefit, to be disbursed only by authority of the Secretary of the Interior. That the Secretary of the Interior had the power to make these regulations has been decided by the Supreme Court, as well as this court, a number of times. United States v. Law, 250 F. 218; Sunderland v. United States, 287 F. 468, affirmed 266 U. S. 226, 45 S. Ct. 64, 69 L. Ed. 259; United States v. Brown, 8 F.(2d) 564.

[4] That the judgment of the state court, to which the United States was not a party, does not deprive the United States from maintaining an action to recover the lands, which were adjudicated by the state court has been conclusively determined in the Sunderland Case, supra, and reaffirmed in United States v. Candelaria, 271 U. S. 432, 444, 46 S. Ct. 561, 70 L. Ed. 1023. As Mattie Hass' title from Perry is void, her grantees, who were chargeable with notice appearing in the chain of her title, acquired no better title than she did.

The decree is affirmed.