**UNITED STATES v. HOMERATHA et al.**

No. 4050.

District Court, W. D. Oklahoma.

March 15, 1930.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and F. J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

Harry O. Glasser, of Enid, Okl., for defendants.

KENNEDY, District Judge of Wyoming, sitting in the Western District of Oklahoma.

The above-entitled suit was submitted to me while sitting in the above-named court under assignment, upon an agreed statement of facts, trial by jury having been expressly waived, and upon briefs without oral argument. The nature of the suit was not there-fore revealed until the briefs were filed and transmitted with the papers. The revelation that there is involved both Indian titles and income taxes suggests a double degree of dis-comfiture to this court in arriving at any satisfactory solution of the problems presented.

A sketch of the facts would appear to be as follows: On January 17, 1907, there was allotted to one Rachel H. Robedeaux, an Indi-an of the Otoe and Missouri Tribe of Indians, certain real estate in the Western district of Oklahoma. On June 10, 1907, there was is-sued a trust deed to said Indian covering the land in controversy, which instrument pre-scribes that it was allotted to said Indian subject to all statutory provisions and re-strictions in trust for her sole use and benefit, and that at the expiration of the period for which said restriction was made, it would be conveyed to her in fee discharged from said trust and free of all charge or incumbrance whatsoever, provided that if she died before the expiration of the period of restriction the allotment upon which it was based should be canceled and the land should revert to the United States and be thereafter disposed of in the manner prescribed by law. There-after, by duly authorized Executive order, the restrictive period was extended so that it had not expired at the time the controversy here arose and has not yet expired. In January, 1924, the said Indian, joined by her husband, executed a deed to eighty acres of the heretofore allotted land to her son, the defendant Homeratha, both mother and son being restricted, noncompetent Indians, in which deed the consideration recited was one dollar and contained the proviso that it should be "subject to the condition that while the title is in the grantee or heirs the land herein described shall not be alienated or in-cumbered without the consent of the Secre-tary of the Interior." The grantor also re-served the right to use all rents, profits, and minerals, especially oil and gas, during her life from the land conveyed. This deed was submitted to the Secretary of the Interior for approval, with the statement by the agen-cy superintendent that the deed contains the usual restrictive clause and also a clause re-serving a life use in the land to the grantor. This statement further contained language to the effect that the parents claimed that their son was living with them and caring for them during their old age and in view of this they desired to deed him the tract. The deed was accordingly approved by the Secretary of the Interior on March 6, 1924. In April of

the same year the said Rachel H. Robedeaux died, and thereafter the income from the property so conveyed was received by the defendant Homeratha or by the superintendent of the agency on his behalf. On his behalf likewise, the superintendent made income tax returns for the income received from the tract deeded to Homeratha for the years 1924 and 1925, which taxes were subsequently paid. In 1927, through the authorization of the agency superintendent, claims for a refund of the amounts so paid were filed, and subsequently on a hearing before the Department, refunds were allowed, a portion to the defendant Homeratha and another portion to the defendant Ramsey, who performed the services in securing the refund. This refund was apparently made upon the recommendation and opinion of an attorney for the Bureau of Internal Revenue. Subsequently this official reversed his position, holding that the tax was collectible, and the Department of Justice authorized a suit for its collection upon the grounds that the refunds were erroneously made and that the same was contrary to law. The matter is now here presented to the court by the authorized suit having been so brought.

There seems to be no controversy over the manner in which the suit is brought or its legality for the purposes sought. The sole question presented now, as before, is as to whether or not the tax is assessable.

The pertinent portions of the acts of Congress cited by counsel as applicable to the situation are as follows: Section 5 of the Act of February 8, 1887 (24 Stat. 388, 389 [25 USCA § 348]), which reads as follows:

"That upon the approval of the allotments provided for in this act by the Secretary of the Interior, he shall cause patents to issue therefor in the name of the allottees, which patents shall be of the legal effect, and declare that the United States does and will hold the land thus allotted, for the period of twenty-five years, in trust for the sole use and benefit of the Indian to whom such allotment shall have been made, or, in case of his decease, of his heirs according to the laws of the State or Territory where such land is located, and that at the expiration of said period the United States will convey the same by patent to said Indian, or his heirs as aforesaid, in fee, discharged of said trust and free of all charge or incumbrance whatsoever: Provided, That the President of the United States may in any case in his discretion extend the period. And if any conveyance shall be made of the lands set apart and allotted as herein

provided, or any contract made touching the same, before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void."

Also the amendment to that act by the Act of March 1, 1907 (34 Stat. 1015–1018 [25 USCA § 405]), which reads as follows:

"That any noncompetent Indian to whom a patent containing restrictions against alienation has been issued for an allotment of land in severalty, under any law or treaty, or who may have an interest in any allotment by inheritance, may sell or convey all or any part of such allotment or such inherited interest on such terms and conditions and under such rules and regulations as the Secretary of the Interior may prescribe, and the proceeds derived therefrom shall be used for the benefit of the allottee or heir so disposing of his land or interest, under the supervision of the Commissioner of Indian Affairs; and any conveyance made hereunder and approved by the Secretary of the Interior shall convey full title to the land or interest so sold, the same as if fee-simple patent had been issued to the allottee."

It would serve no useful purpose for this court to express extended views upon the problems suggested by this set-up of facts. It appears that both the grantor and grantee as Indians were noncompetent and under restriction and that the lands in controversy were likewise under restriction. Ordinarily a noncompetent Indian, being a ward of the government, is not subject to the income tax law. If the restriction applies therefore to the individual he would not be subject to the payment of income tax. Blackbird v. Commissioner of Internal Revenue, 38 F.(2d) 976 (C. C. A. Tenth Circuit), decided February 5, 1930.

If the restriction applies to the land, I am of the opinion that it still existed after the deed from the mother to her son was delivered and after the death of the mother. Under the act, the restriction existed as to the allottee and her heirs until such time as the time prescribed by Congress should elapse. When the deed was made it had not elapsed. It was made to one of her heirs actually in consideration of support during her lifetime. It was conveyed to the son only under a consent of the Secretary of the Interior according to statute. The instrument itself, which was authorized by the Secretary of the Interior, provided that the restriction should still exist, to wit, that while the title was in the grantee or heirs the land should not be alienated or incumbered without the

consent of the Secretary of the Interior. Inasmuch as the act itself provides that it can only be transferred on such terms and conditions and under such rules and regulations as the Secretary of the Interior might prescribe, I am inclined to the view that the land still retained its restricted character and, being in the ownership and possession of a noncompetent Indian, is not assessable as to income derived therefrom.

For the reasons stated, the defendants should prevail and a judgment may be entered for a dismissal of the petition, reserving to plaintiff proper exceptions.