## METROPOLITAN DEVICE CORPORATION v. BARBER ELECTRIC MFG. CORPORATION.

District Court, S. D. New York.
July 16, 1931.

Usina & Rauber, of New York City (Benjamin T. Rauber, of New York City, of counsel), for plaintiff.

O. Ellery Edwards, of New York City, for defendant.

COXE, District Judge.

This is an infringement suit involving the Bartlett patent, No. 1,269,996, issued June 18, 1918, for a meter and instrument support. The claims relied on are Nos. 1, 2, 6, 9, and 10, and the defense is invalidity.

The patent covers a combination of a meter, electrical apparatus, and a metal box wholly inclosing the apparatus, and having one wall extended, with the meter attached directly to the wall extension.

Claim 1 is fairly typical of the others, and reads as follows: "A meter, apparatus to be used conjointly therewith, and a metal box wholly inclosing said apparatus and having one wall extended; the said meter being attached directly to said wall extension."

The Sachs patent, No. 1,296,323, shows a box with a hinged cover, a removable top plate or end wall, and a meter mounted independently of the box. And concededly all that Bartlett added was the upward extension of the back wall to provide an accurate mounting for the meter. It is insisted, however, that this was invention because it insured an exact relation between the meter and the box, and thus prevented tampering with the meter or its connections.

It was old to mount the meter and box independently on a wooden back wall, as illustrated in the photographic Exhibits A and B. It was not invention either to substitute metal for wood, Hotchkiss v. Greenwood, 11 How. 248, 13 L. Ed. 683; Columbia Metal Box Co. v. Halper (C. C. A.) 220 F. 912; and the Murray patent, No. 1,048,856, discloses a metal back to which the instruments are attached. Manifestly also it was not invention to drill holes in the extended wall in such a way as to make them interchangeable. The most, therefore, that can be claimed for the patent is the mere extension of the back wall as an integral part of the device; and I do not think this required anything more than mechanical skill.

The patent is therefore held invalid for lack of invention, and the defendant may have a decree dismissing the bill, with costs.