**METROPOLITAN DEVICE CORPORATION, Appellant, v. BARBER ELECTRIC MANUFACTURING COMPANY, Appellee.**

No. 172.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1932.

Benjamin T. Rauber and Usina & Rauber, all of New York City, for appellant.

O. Ellery Edwards, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Decree [56 F.(2d) 456] affirmed.

**FOX FILM CORPORATION v. GROSS et al.**

No. 401.

District Court, W. D. New York.

March 4, 1932.

Herbert T. Silverberg, of Buffalo, N. Y., for plaintiff.

Harry E. Harding, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

■ This is a motion to strike out certain portions of the answer. Equity Rule 30 (28 USCA § 723), among other things, provides that the defendant in his answer shall "set out in short and simple terms his defense to each claim asserted in the bill, omitting mere statements of evidence and avoiding general denials, but specifically admitting, denying or explaining the facts upon which the plaintiff relies, unless he is without knowledge, in which event he shall so state, and this shall be treated as a denial."

Paragraph third of the answer is a general denial. Under rule 30 this clearly is insufficient. Vide Hughes, Federal Practice, § 4376 and cases cited; In re Southern Fruit & Produce Co. (D. C.) 14 F.(2d) 676; Hass v. U. S. (C. C. A.) 17 F.(2d) 894.

■ The second paragraph of the answer denies certain allegations in the complaint "upon the ground that defendants have not sufficient information upon which to form a belief as to the truth or falsity of the allegations, therefore deny the same and each and every allegation therein contained."

Certain of the paragraphs in the complaint purporting to be denied in the second paragraph of the answer relate to facts clearly within the knowledge of the defendants. This applies to paragraphs No. 12, 13, 19, 20, 26, 27, 33, and 39. As to these the answer is insufficient, and the defendants should be required to specifically admit, deny, or explain these particular paragraphs. Rule 30; Duggan v. Lubbin, 219 App. Div. 433, 220 N. Y. S. 684; Rochkind v. Perlman, 123 App. Div. 809, 108 N. Y. S. 224, 1151; Kirschbaum et al. v. Eschmann, 205 N. Y. 127, 98 N. E. 328.

An order may be prepared striking out the defendants' answer unless within twenty days from the date of the service of such order defendants serve an answer conforming to the directions herein, and the defendants' time in which to serve such answer is hereby extended such period of twenty days.