## UNITED STATES v. WATASHE et al.
### No. 1196.

District Court, N. D. Oklahoma.
Jan. 25, 1938.

Chester A. Brewer, Asst. U. S. Atty., of Tulsa, Okl., for complainant.

James J. Mars, of Sapulpa, Okl., for respondents Katie Watashe, now Roubedeaux, and John R. Roubedeaux.

Miller, Lytle & Wildman, of Sapulpa, Okl., for respondent Mrs. Sam Naifeh.

KENNAMER, District Judge.

This is a suit by the United States in its own behalf, and as guardian for Mahaley Watashe and George Watashe, Creek Indians, to cancel a deed and quiet title to certain lands in Creek county, Okl., and for other relief incidental thereto.

The case was tried upon stipulated facts which show that the lands involved were purchased for the respondent Katie Watashe, now Roubedeaux, a full blood Creek Indian, with restricted funds belonging to her in the hands of the Secretary of the Interior, the funds being released by the Secretary for that purpose. There were two purchases thus made with the approval of the Secretary; the sellers in each instance conveying to Katie Watashe by deed containing a provision against alienation by said grantee during her lifetime at any time prior to April 26, 1931, unless with the consent of, and approval by, the Secretary of Interior. On September 15, 1931, Katie Watashe, then Katie Roubedeaux, joined by her husband, John Roubedeaux, conveyed the lands to her children, Mahaley Watashe, and George Watashe (for whom the United States here sues), reserving to herself, however, a life estate therein. This deed was approved by A. G. McMillan, assistant superintendent of the five civilized tribes, with a condition inserted in the deed that the lands were restricted against alienation unless with the approval of the Secretary of Interior or such re-

strictions should be otherwise removed by operation of law. On August 23, 1933, Mahaley Watashe, then Mahaley Squirrel, conveyed her interest in the lands back to her mother, Katie Roubedeaux. This deed was not approved by the Secretary of Interior. Also, in an action brought by Katie Roubedeaux, the state District Court of Creek county entered a decree canceling the deed made by her on October 15, 1931, as aforesaid, in so far as it concerned the interest conveyed thereby by her to her son George Watashe. No notice of the pendency of this action was served on the superintendent of the five civilized tribes. Both Mahaley Watashe and George Watashe were Creek Indians of more than one-half degree of Indian blood. Having in such manner reinvested herself with record title to said lands, the respondent Katie Watashe, now Roubedeaux, joined by her husband, the respondent John R. Roubedeaux, conveyed the same by warranty deed to the respondent Mrs. Sam Naifeh.

It is the contention of complainant that at the time of the conveyance to Mrs. Naifeh the lands were restricted against alienation, and the conveyance so made consequently void. Complainant so contends upon the ground that under the Act of Congress of May 10, 1928, 45 Stat. 495, the Secretary of Interior had the power to impose restrictions on this land after April 26, 1931, for an additional period of twenty-five years after said date.

Passing the question as to whether the act of the assistant superintendent of the five civilized tribes in approving the deed of October 15, 1931, by Katie Watashe to her children was the act of the Secretary, the real question in the case is: Did the Act of Congress of May 10, 1928, reimpose restrictions on this land, or give authority to the Secretary to reimpose such restrictions?

■ There is no question but that the Secretary of Interior had the authority to insert the restrictive provisions in the deeds made to Katie Watashe at the time of her original acquisition of the lands which were purchased with restricted funds released by the Secretary for that purpose. This authority, of course, existed by reason of the provisions of the Act of Congress of May 27, 1908, 35 Stat. 312.

■ Authorities are cited to the point that the power of Congress to impose, extend, or reimpose restrictions on property of an Indian ward is plenary and not open to doubt, such as McCurdy v. United States, 246 U.S. 263, 38 S.Ct. 289, 62 L.Ed. 706. These lands, however, were no part of the allotment of Katie Watashe, and the act of 1928 by its plain terms appears to apply only to lands allotted to members of the five civilized tribes. It is well settled that authority to impose restrictions on alienation must come from the provisions of acts of Congress on that subject. The restrictions imposed by the original purchase deeds to Katie Watashe expired by express terms on May 26, 1931, and the act of 1928 does not evidence any intent on the part of Congress to impose further restrictions on lands so purchased for an allottee.

■ Mention is made of the Act of Congress of January 27, 1933, 47 Stat. 777, but there is nothing in the provisions of this act to make it in any wise applicable in favor of the contention of the complainant.

Cases like Martin v. Rogers, 151 Okl. 51, 1 P.2d 696, and Hass v. U. S., 8 Cir., 17 F. 2d 894, cannot affect the decision here because in those cases the transfer by the Indian was made during the period of restriction imposed. Here the period of restriction imposed by the original deeds of purchase had expired. There is nothing seen in a reading of the acts of 1928 and 1933 heretofore mentioned which would give the Secretary any power to reimpose restrictions on this class of property after the expiration of the restrictions which he caused to be imposed in the purchase deeds to Katie Watashe.

No case in exact point has been submitted by either side. It does appear, however, that the language of U. S. v. Getzelman, 8 Cir., 89 F.2d 531, may be construed favorably to respondents. Likewise, U. S. ex rel. Warren v. Ickes et al., 64 App.D.C. 27, 73 F.2d 844, has some measure of support for the position of respondents.

Because of the conclusions herein reached, it must be held that the complainant does not have the capacity to maintain this suit. Therefore, the bill is hereby dismissed, and a decree may be drawn accordingly.