**CLINKENBEARD v. UNITED STATES.**

No. 1940.

Circuit Court of Appeals, Tenth Circuit.

Feb. 12, 1940.

Tom Biggers, of Wewoka, Okl. (Louis A. Ledbetter, of Wewoka, Okl., on the brief), for appellant.

Roger P. Marquis, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty., of Muskogee, Okl., C. R. Denny, Jr., and Ely Maurer, both of Washington, D. C., Attys., Department of Justice, on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

Land, formerly owned by Martha Lena, an enrolled full-blood Seminole Indian, comprising the "W½ NE¼ Section 26, Twp. 7N, Range 8E of the Indian Base and Meridian, containing 80 acres, more or less, in Hughes County, Oklahoma," was purchased for her by the Department of the Interior upon a restricted form of deed. For purposes of this case, it is assumed that such restriction thereon against alienation expired on April 26, 1931.[1]

This action instituted by the United States Government acting by and under the direction of the Attorney General of the United States, at request of Secretary of Interior, in its own behalf and for and on behalf of Lillie Lena, son of Martha Lena, and an enrolled full-blood Seminole Indian, is for the cancellation of a sheriff's

---

[1] United States v. Watashe, D.C., 21 F. Supp. 903, Id., 10 Cir., 102 F.2d 428.

deed thereto executed on April 25, 1938, and recorded on July 1, 1938, in the office of the County Clerk of Hughes County, purporting to convey said lands to appellant Clinkenbeard, and also a quit-claim deed executed by John T. Cooper and A. C. Kidd, and duly filed for record, purporting to convey their interest in said land to the same grantee.

Prior to February 1, 1936 Clinkenbeard obtained a judgment against Martha Lena and Lillie Lena for $4,500 on account of an automobile accident. The appellant had execution levied on said land which was then owned by Martha Lena.

The Superintendent of the Five Civilized Tribes having on February 1, 1936, recommended to the Commissioner of Indian Affairs the purchase of the land for said Lillie Lena at said execution sale, authorization on part of the Interior Department was given as follows: "Authority granted to bid not to exceed $3500.00 on Martha Lena's land which is to be sold at sheriff's sale as recommended your letter of February 1, title to be taken in name of Lillie Lena on restricted deed."

At said sale on February 11, 1936, said land was purchased in sum of $3,000, the purchase price being paid out of the restricted funds of and from Martha Lena and said sheriff's deed issued on said date to said Lillie Lena on a restricted form as required by the Secretary of the Interior, recited that the consideration for said deed was paid by the Secretary out of funds held by the United States in trust subject to disbursement under the supervision of the Secretary of the Interior, and contained the following clause: "To have and to hold, the said premises, with the appurtenances, unto the said party of the second part, his heirs and assigns, forever, as fully and absolutely as he, the sheriff aforesaid can, may, or ought to by virtue of the said writ, and of the statutes in such case made and provided, grant, bargain, sell, release, convey and confirm the same, subject to the condition that no lease, deed, mortgage, power of attorney, contract to sell, or other instrument affecting the land herein described or the title thereto shall be of any force and effect, unless approved by the Secretary of the Interior or the restrictions from said land are otherwise removed by operation of law."

Attached thereto was a certificate executed by the Superintendent of the Five Civilized Tribes as follows: "I hereby certify that the land described in the above deed was purchased for the said Lillie Lena with funds held in trust by the United States for his benefit as a full-blood Indian of the Seminole tribe, and that said purchase was made and said deed was executed pursuant to the Act of Congress approved March 2, 1931 (46 Stat.L. 1471 [25 U.S.C.A. § 409a]), and the regulations prescribed by the Secretary of the Interior."

The deed and certificate were duly recorded in the office of the county clerk of Hughes County, Oklahoma, on March 27, 1936.

Clinkenbeard having received the benefit of said $3,000.00 under the first execution sale, thereafter caused another execution to be issued and levied upon said land as the property of Lillie Lena for the purpose of satisfying the deficiency on the judgment under which the former sale was made, and sale was had thereunder to said Clinkenbeard and sheriff's deed executed to him thereon. Thereafter Cooper and Kidd executed to him a quitclaim deed thereon. Both deeds were duly recorded.

The question for determination is as to the validity and force of the restricted clause contained in the sheriff's deed to said Lillie Lena. The district court ruled that the land was not subject to execution under the second levy and sale and ordered that the two deeds to Clinkenbeard be cancelled.

Martha Lena in effect authorized the withdrawal and transfer of restricted funds from her trust account to restricted funds of Lillie Lena, a full-blood Indian, to be held and disbursed by the Secretary, said restricted funds so retained in his possession becoming the restricted funds of Lillie Lena.

Act of Congress, January 27, 1933, 47 Stat. 777, provides: "That all funds and other securities now held by or which may hereafter come under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to Indians of the Five Civilized Tribes in Oklahoma of one-half or more Indian blood, enrolled or unenrolled, are hereby declared to be restricted * * *."

The recitals of the certificate of the Superintendent of the Five Civilized Tribes attached to the deed state that the

732

land described in the deed was purchased for said Lillie Lena with funds held in trust by the United States for his benefit as a member of the Seminole tribe.

In United States v. Brown, Oct. 29, 1925, 8 Cir., 8 F.2d 564, certiorari denied, 270 U.S. 644, 46 S.Ct. 210, 70 L.Ed. 777, it was held that: "Where court permitted investment of royalties under departmental oil and gas lease covering allotment of full-blood minor Creek Indian in agricultural land, requiring deed to contain restriction on alienation prescribed by regulations of Interior Department, under Act Cong. May 27, 1908, c. 199, such restriction was valid, and subsequent grantees' taking conveyances without consent or approval of Secretary, took nothing."

See, also, Hass et al. v. United States, Feb. 28, 1927, 8 Cir., 17 F.2d 894; United States v. Law, 8 Cir., 250 F. 218; Sunderland v. United States, 8 Cir., 287 F. 468, affirmed, 266 U.S. 226, 45 S.Ct. 64, 69 L.Ed. 259; Drummond v. United States, 8 Cir., 34 F.2d 755; and United States v. Homeratha, D.C.W.D.Okl., 40 F.2d 305.

In the United States v. Brown et al., supra, it was further held that the fact the lands of a full-blood Creek Indian, purchased with proceeds of restricted lands, are not exempt from local taxation, does not impair the power of Congress to provide for restrictions as to the alienation of such land.

The Indian is a full-blood Seminole and of the type on whom safeguards are imposed for a protection by Sections 1 and 9 of Act of May 27, 1908, 35 Stat. 312, 315, and Section 1 of Act of January 27, 1933, 47 Stat. 777.

It is conceded that Martha Lena's restricted funds so held could have been converted into restricted land, title being taken in her name. In the instant case the consummation through the Department of the Interior was without going through the two distinct steps, but by the consent of Martha Lena, the trust fund held for her by the Secretary of the Interior by the Secretary's concurring consent was transferred to her son, to be held and controlled by said Department in trust as a restricted fund for his benefit.

Restricted funds so held in trust by the Secretary of the Interior could not be reached by any form of execution or garnishment to satisfy in any manner any part of said judgment against Martha and Lillie Lena, on which executions were issued. The funds as held by the Secretary of the Interior were restricted and with consent for transfer by the Secretary of the Interior from the mother, Martha Lena, a full-blood Seminole, to her son, Lillie Lena, a full-blood Seminole, for such purposes and so held as restricted and as invested being restricted against alienation under supervision of the Secretary, the appellant's objection as raised is without avail.

The judgment of the lower court is affirmed.