ANNA MINSKER, Appellant, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.

(Argued June 13, 1930; decided September 30, 1930.)

*Ernest D. Leet, Robert H. Jackson* and *John E. Durkin* for appellant. The defendant must establish fraud in

the application. (*E. D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Tunnard* v. *Supreme Council Royal Arcanum*, 201 App. Div. 746; *Bollard* v. *New York Life Ins. Co.*, 98 Misc. Rep. 286; 182 App. Div. 915; 228 N. Y. 521; *Kwiatkowski* v. *Brotherhood of American Yeomen*, 216 App. Div. 647; 243 N. Y. 394; *Charlton* v. *Metropolitan Life Ins. Co.*, 202 App. Div. 814; 234 N. Y. 639.) Direction of verdict of no cause of action was error because the statements in the application could not be treated as warranties until fraud was found as matter of fact. (*Fitch* v. *American Popular Life Ins. Co.*, 59 N. Y. 557; *Schane* v. *Metropolitan Life Ins. Co.*, 76 App. Div. 271; *Hook* v. *Michigan Mutual Ins. Co.*, 44 Misc. Rep. 478; 139 App. Div. 922; *Elliott* v. *Mutual Benefit Life Ins. Co.*, 76 Hun, 378; *Higgins* v. *John Hancock Mutual Life Ins. Co.*, 20 Misc. Rep. 231; *Bollard* v. *New York Life Ins. Co.*, 98 Misc. Rep. 286; *E. D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Kwiatkowski* v. *Brotherhood of American Yeomen*, 216 App. Div. 647; 243 N. Y. 974; *Garrett* v. *Supreme Tribe of Ben Hur*, 219 App. Div. 413; *Hoff* v. *Hoff*, 175 App. Div. 40; *Baumann* v. *Preferred Accident Ins. Co.*, 225 N. Y. 480; *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385; *Stanulevich* v. *St. Lawrence Life Assn.*, 183 App. Div. 111; 228 N. Y. 586.)

*Clarence G. Pickard* for respondent. A disclosure to the defendant's agent or physical examiner is not binding upon the defendant, and the plaintiff cannot recover upon the grounds of disclosure to such agent or physician. (*Northern Assur. Co.* v. *Grand View Building Assn.*, 183 U. S. 308; 203 U. S. 106; *Ballard* v. *New York Life Ins. Co.*, 98 Misc. Rep. 286; *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385; *Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18; *Kwiatkowski* v. *Brotherhood of American Yeomen*, 243 N. Y. 394; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Grubiak* v. *John Hancock Mutual Life Ins.*

*Co.*, 212 App. Div. 126; *McCormack* v. *Security Mutual Life Ins. Co.*, 220 N. Y. 447; *Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586; *Baumann* v. *Preferred Accident Ins. Co.*, 225 N. Y. 480.) The misrepresentations contained in the application were material to the risk, and were fraudulently made. (*Kasprzyk* v. *Metropolitan Life Ins. Co.*, 79 Misc. Rep. 263; *Grubiak* v. *John Hancock Mutual Life Ins. Co.*, 212 App. Div. 126; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586; *Telford* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 175; 250 N. Y. 528.)

HUBBS, J. On October 2, 1926, the defendant issued a life insurance policy for $10,000 upon the life of Eli Minsker, plaintiff's husband, in which she was named as beneficiary. Within one year thereafter and upon July 15, 1927, the insured died of nephritis and endocarditis. Proof of death was duly served. The defendant denied liability upon the policy but tendered a return of the premium paid thereon. The complaint herein is in the usual form except that in the sixth paragraph it alleges, in anticipation of the defense that the insured had made false answers to questions in regard to previous consultations with and treatment by physicians and at a medical institution, that the answers to such questions were truthfully made to the defendant's local agent and medical examiner and that they had full knowledge of the facts.

The answer alleges breach of warranty and material false representations. The written application for the policy, in Part B — Statement to Medical Examiner — contains the two following questions:

" 14. Have you had any medical advice during the past five years? State every instance with illness, dates, duration, severity and results and the names and addresses of the physicians who treated you.

" 15. Have you ever received or applied for treatment

at any hospital, dispensary, sanitarium, cure or other institution? "

The insured answered each of those questions " No." It is undisputed that both answers were false. It clearly appears that on several occasions within a few months before the application was signed the insured received medical advice from at least three different physicians who each treated him professionally and prescribed for him and that on such occasions he was ill. On one occasion when ill he attended the Cleveland Clinic located at Cleveland, Ohio, was under observation by a physician in that medical institution and was prescribed for by said physician. The nature of his illness and the remedies prescribed by the physicians were not disclosed. Testimony in regard to those matters was excluded upon the objection of plaintiff's counsel upon the ground that it was incompetent under section 352 of the Civil Practice Act.

The position of the appellant is that the false answers as written to the two questions quoted do not affect the validity of the policy as the insured orally imparted the correct and truthful answers to the defendant's local agent and medical examiner and that the evidence does not disclose a fraudulent breach of warranty or material false representation as it does not appear that the insured was treated by a physician for any serious physical ailment, and that it must be presumed that he was not, as his son testified that he had been continuously in good health for five years before the policy was issued.

Prior to January 1, 1907, when section 58 of the Insurance Law (Cons. Laws, ch. 28) became effective, the courts of this State had decided in numerous cases that if the medical examiner of a life insurance company was truthfully told, by the applicant for a policy, of facts which under the terms of a policy would make it void if not noted upon it, the company could not avail itself of the defense that such facts were not stated in the policy, the

underlying principle being that it would be a fraud upon the insured to accept pay for a policy which the company through its agent knew was void when delivered. Such was the case of *Sternaman* v. *Metropolitan Life Ins. Co.* (170 N. Y. 13). The Federal Supreme Court adopted a different view and held that a void policy could not be made valid by parol testimony to the effect that the company's agent had knowledge of the true facts and that the answers as written in the application were incorrectly written by the company's agent. (*Northern Assurance Co.* v. *Grand View Building Assn.*, 183 U. S. 308.) Section 58 of the Insurance Law, (Laws of 1906, ch. 326) reads in part: " Every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state, shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or any other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

After the enactment of that statute, the case of *Sternaman* v. *Metropolitan Life Ins. Co. (supra)*, and others to the same effect, ceased to be authority upon the question in an action upon a life insurance policy issued by a " life insurance corporation doing business within the state," when a copy of the application was indorsed upon or attached to the policy.

The statutory rule superseded the court-made rule.

It should be noted that the statute applies only to life insurance corporations and not to other insurance companies or associations. (*Baumann* v. *Preferred Accident Ins. Co.*, 225 N. Y. 480.)

Prior to the enactment of section 58, a breach of

warranty constituted an absolute defense to an action on a policy, even though the warranty related to an immaterial matter, but a misrepresentation to constitute a defense as a matter of law must have related to a material matter. (*E. D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441, 449; Vance on Insurance [2d ed.], §§ 113, 114, pp. 389, 390; also pp. 359, 360.)

Since the enactment of section 58, a statement by the insured, though incorporated into the policy, will be interpreted as a representation rather than a warranty, at all events in the absence of fraud, and so, even though erroneous, will not vitiate the policy unless material to the risk.

The policy must now contain the entire contract. All applications, statements and agreements, if they are to have effect as a part of the policy (*Jefferson Ins. Co.* v. *Cotheal*, 7 Wend. 72, 81; Vance on Insurance, *supra*), must be physically indorsed thereon or attached thereto, so that the insured when he receives a policy may know all of its terms by reading it or having it read. (*Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18.)

Prior to 1907, life insurance companies were not required to attach to their policies a copy of the application, but might embody it in the contract by reference merely. The insured by reading his policy could not ascertain that the medical examiner had incorrectly recorded his answers. Since 1907, the insurer is under a duty to indorse or attach the application if the statements therein contained are to have contractual effect, or even the effect of a collateral representation. (*Archer* v. *Equitable Life Assur. Soc.*, *supra*.)

When an insured receives a policy, it is his duty to read it or have it read, and if an application incorporated therein does not contain correct answers to the questions asked by the medical examiner it is his duty to have it corrected. In such circumstances a recovery will no longer be permitted because the medical examiner incor-

rectly recorded the applicant's answers or because the insured was unable to read or neglected to read the policy.

The answers to questions 14 and 15 as written and annexed to the policy establish as a matter of law that they are material to the risk. The plaintiff is bound by the answers as written, since the application was physically annexed to the policy of insurance, which she received from the insurer. Being a part of the policy, the statements in the application had at least the effect of erroneous and material representations under the rule at common law. (*Bollard* v. *New York Life Ins. Co.*, 98 Misc. Rep. 286; affd., 182 App. Div. 915; affd., 228 N. Y. 521; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586.)

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.