PRUDENTIAL INSURANCE CO. OF AMERICA *vs.* SHANDEL TANENBAUM.

JUNE 16, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity was brought to cancel two policies issued upon the life of Jacob Tanenbaum, now deceased, and payable to his wife. The respondent filed an answer and cross-bill and prayed that complainant be directed to pay her the amount of the policies. After hearing, final decree was entered dismissing the cross-bill and ordering the policies cancelled. Respondent has brought the cause to this court by appeal from this decree.

Complainant asks to have the two policies cancelled on the ground that Mr. Tanenbaum obtained their issuance by fraudulent statements. Respondent denies the alleged fraud.

The facts necessary to be stated in order to determine the rights of the parties are as follows: May 14, 1925, complainant issued two policies of insurance for $10,000 each upon the life of Jacob Tanenbaum of Providence; June 9 and July 14, Mr. Tanenbaum paid the semi-annual premiums due thereon. Mr. Tanenbaum was operated upon at a hospital in New York City September 22, 1925, and died five days thereafter. The certificate of his death, which was signed by the house surgeon, stated that the "diagnosis during his last illness was carcinoma of rectum (primary) duration — yrs. 2 mos. — da. Contributory (secondary) operation."

The policies were issued in response to an application signed by Mr. Tanenbaum dated April 10. A copy of this application and his declarations to the medical examiner were attached to each policy and made a part of the contract.

The declarations to the medical examiner contained a series of questions, two of the questions and the answers thereto being: "8. Are you now in good health? Yes. 9. On what dates and for what complaints have you been attended by a physician during the past three years? None." The declarations were signed by Mr. Tanenbaum. Immediately above his signature he declared that all statements and answers to the questions were complete and true, and he agreed that they should become a part of the contract of insurance. He also waived all provisions of law forbidding any physician, or other person who had attended or examined him, from disclosing any knowledge or information thereby acquired.

In its bill complainant averred that at the time Mr. Tanenbaum signed the application for insurance and answered the questions asked by the medical examiner he was not in good health but was suffering from carcinoma, with its attendant symptoms; that in August and September, 1924, he was under treatment for intestinal disease; that during the Spring and Summer of 1925, both before and after he signed the application for insurance, he con-

sulted several physicians for serious disorders in his stomach and intestines; that, with full knowledge he was suffering from these disorders, he made false answers to questions 8 and 9 with intent to deceive and defraud complainant and induce it to issue its policies of insurance; and that complainant would not have issued said policies had it known of the falsity of said answers.

Complainant also averred that, November 11, 1925, respondent demanded payment of the face value of the policies; that it denied liability and offered to return the amount of the premiums paid.

Complainant further averred that by the terms of the policies they were incontestable after the expiration of one year from May 14, 1925, the date of their issuance and that, as the respondent had not commenced an action at law to enforce payment of said policies, complainant might be unable to contest the validity of the policies unless relief were granted in equity.

Respondent filed an answer and cross-bill. She averred that Mr. Tanenbaum answered completely and truly all questions put to him by complainant's medical examiner. She denied that Mr. Tanenbaum was suffering from carcinoma or illness at the time. She admitted that a short time prior to his signing the application he complained of stomach trouble; that during this period he went to two or three physicians; that each of them stated his trouble to be imaginary rather than real, and that these statements were related to complainant's medical examiner. She also alleged that Mr. Tanenbaum was in good health at the time he made the statements to the medical examiner. She further averred that if it should be held that he made the statement that he had not been attended by a physician within three years prior to the medical examination, the statement was not material misstatement and did not contribute in any way to the event upon which the policy became payable.

Respondent neither admitted nor denied that complainant would be unable to contest the validity of its

policies after the lapse of one year from the date of their issuance.

Respondent set up the allegations of her answer by way of cross-bill and claimed the benefit thereof as by statute provided, and prayed that complainant be required to pay her the amount due under the policies.

The essential issues raised by the pleadings were: Did the medical examiner write the answers to questions 8 and 9 as given by Mr. Tanenbaum? If so, were his answers true?

The trial occupied several days and much testimony, factual and opinion, was introduced in support of the contentions of each party. The trial justice found that the medical examiner asked Mr. Tanenbaum the questions on the printed form for the medical examination and wrote the answers given by Mr. Tanenbaum or by some one for him and in his presence; that Mr. Tanenbaum knew the contents of the paper and signed it, and was bound by the statements therein. The trial justice held that the answers to questions 8 and 9 were material to the risk; that Mr. Tanenbaum's answers to these questions were untrue because his health had not been good for about eight months before the date of the application; that he had been attended by three physicians during this time and that his untrue answers constituted fraud sufficient to vitiate the policies.

We have frequently held that the finding of facts from conflicting evidence made by a justice sitting without a jury is entitled to great weight and will not be set aside, unless such finding clearly fails to do justice between the parties. *Raferty* v. *Reilly*, 41 R. I. 47; *Preble* v. *Higgins*, 43 R. I. 10.

That Mr. Tanenbaum's answers to questions 8 and 9 were not true is clearly shown by the evidence. Respondent admits in her answer that Mr. Tanenbaum was attended by two physicians within the three years preceding the date of his application for insurance. The evidence conclusively proves this fact. One of these physicians testified that he diagnosed Mr. Tanenbaum's trouble as possible cancer and

recommended that X-ray pictures be taken, which was done September 12, 1924. Mr. Tanenbaum went to Boston August 7, 1925, to consult an eminent medical specialist. This specialist testified that Mr. Tanenbaum told him he had been troubled with heartburn for about a year and a half. After a careful examination this specialist diagnosed Mr. Tanenbaum's trouble as cancer of advanced stage which had been growing for at least a year. A physician, in answering a hypothetical question, was of the opinion that Mr. Tanenbaum was afflicted with the cancer about eighteen months.

Questions 8 and 9 are unambiguous and required a statement of facts from Mr. Tanenbaum. Complainant was entitled to receive correct information as to applicant's prior treatment by physicians so it could decide upon the information given by these physicians, or otherwise, whether it would accept the risk. The local medical examiner testified he asked the questions of Mr. Tanenbaum and wrote his answers correctly and that, if he had been informed by Mr. Tanenbaum that he had been treated by physicians, it would have been his duty to have reported this fact to the company. The chief medical examiner for complainant testified that the answers to these questions were crucial on the question of the acceptance of an applicant; and that, if the complainant, through him, had known of the facts testified to by the physicians who had treated Mr. Tanenbaum, the company would not have issued the policies.

Respondent contends that the false answers to questions 8 and 9 were not material misstatements and did not contribute in any way to the event upon which the policy became payable. The contention cannot be sustained. In *Wells* v. *Great Eastern Casualty Co.*, 40 R. I. 222, this court said: "It has been the long-settled rule in this State that 'statements in an application for insurance made as of the applicant's own knowledge upon which the contract is based are warranties'." The opinion cited our cases sup-

porting this proposition. Other cases to the same effect are: *Mutual Life Ins. Co.* v. *Hilton-Green*, 241 U. S. 613; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Metropolitan Life Ins. Co.* v. *Shaw*, 30 Ga. App. 97; *Bellestri-Fontana* v. *N. Y. Life Ins. Co.*, 234 Mich. 424; *Simpson* v. *Metropolitan Life Ins. Co.*, 282 S. W. (Mo.) 454.

The fact that a specific answer is sought by the insurer in an application for an insurance policy makes that answer material. When such an answer is untrue the policy will ordinarily be forfeited. *Leadman* v. *Aetna Life Ins. Co.*, 163 S. E. (W. Va.) 716. In *Raives* v. *Raives et al*, 54 F. (2d) 267, it was held that representations made by an applicant for insurance, to the effect that within a specified period he had not consulted a physician concerning his health, were material; when false amounted to fraud on the insurer, who had relied upon them in issuing a policy, and rendered the insurance void. The court said: "The answer was made to be relied upon, and was relied upon. Since it was wilfully false the intention to deceive follows as a matter of law." *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 81, 95.

Some of the cases in which the insurer has been held not liable to a beneficiary, on account of an untrue statement by the insured to the effect that he had not been treated by a physician within a specified period or that he was in good health, are: *Fountain & Herrington Inc.* v. *Mutual Life Ins. Co. of N. Y.*, 55 F. (2d) 120; *Metropolitan Life Ins. Co.* v. *McDonald*, 54 S. W. 2ᵈ 625; *Panopoulos* v. *Metropolitan Life Ins. Co.*, 96 Pa. Super. Ct. 415; *Leadman* v. *Aetna Life Ins. Co.*, supra; *Raives* v. *Raives*, supra; *State Bank & Trust Co.* v. *Conn. Gen. Life Ins. Co.*, 145 Atl. 565.

The uncontroverted testimony proves that carcinoma was the primary cause of the death of Mr. Tanenbaum. Courts take judicial notice of the fact that cancer is a serious disease. One affected with cancer is not in sound health within the meaning of an insurance contract containing a warranty

as to sound health. *Champion* v. *Life & Cas. Ins. Co. of Tenn.*, 141 So. 363.

Respondent earnestly contends that the last clause in § 5037, G. L. 1923 (now Sec. 12, Chap. 1757, P. L. 1931) gives her an absolute right to have a jury trial and bars complainant from proceeding in equity to procure a cancellation of the policies. The section reads: "No misstatement made in procuring a policy of life insurance shall be deemed material or render the policy void unless the matter thus represented shall have actually contributed to the contingency or event on which the policy is to become due and payable; and whether the matter so represented contributed to said contingency or event, in any case, shall be a question for the jury."

Passing the question whether respondent waived her right to challenge the jurisdiction of the court by not demurring to the bill or by not pleading the statute in bar, and proceeding to trial on the issues raised by her answer and cross-bill in which she prayed that the amount of the policies be ordered paid to her, (see *Setchell Auto Parts* v. *Artamian & Sutcliffe*, 50 R. I. 144) we will consider the question now presented by respondent.

In *Wells* v. *Great Eastern Cas. Co.*, *supra*, this court held the statute did not apply to a case where an insurance company had rescinded a policy during the life of the insured on the ground that a material statement contained in the application was untrue, and sustained the ruling of the trial justice that such untrue statement was a false and fraudulent representation as to a material fact and a "false warranty" which justified the company in rescinding the contract. In *Home Life Ins. Co.* v. *Zuribowitz*, 87 Atl. 25, the Superior Court took jurisdiction of a bill in equity brought to cancel a life insurance policy on the ground of misrepresentation by the insured of his age. When construing a statute very similar to ours, in *Pac. Mutual Life Ins. Co. of Cal.* v. *Glaser*, 245, Mo. 377, the court held that equity had jurisdiction to cancel a policy during the lifetime

of the insured on account of untrue answers made by him in his application for insurance. As a general rule an insurance company may maintain a bill in equity, within the contestable period and during the life of the insured, to cancel a policy because of fraud on his part. 32 C. J. 1268.

Does the statute invoked by respondent deprive equity of jurisdiction to cancel a policy on the ground of fraud because of the death of the insured within the contestable period? We find nothing in the statute to support such a construction.

In this case the policy was to become payable upon the death of Mr. Tanenbaum. One of the alleged misstatements was that he was in good health when, in fact, he had a cancer which caused his death 130 days after he was examined by complainant's medical examiner. If this be so, the misstatement would be deemed material and render the policy void.

Respondent contends that this issue can be determined only by a jury as required by the last clause in said statute which reads: "and whether the matter so represented contributed to said contingency. or event, in any case, shall be a question for the jury." There would be force in respondent's contention if she had brought an action to enforce complainant's liability on the policies. There is a distinction between an action at law to enforce liability on an insurance policy and a bill in equity to procure its cancellation on the ground of fraud. In an action at law clearly the statute would apply.

Complainant avers that it is without adequate remedy at law because each policy contains a provision which precludes it from contesting the validity of the policies, except for nonpayment of premiums, after the expiration of one year from their date. Thirteen days before the expiration of the year, complainant filed this bill. If it had waited until the expiration of the year, it could make no defense to any action. at law which might be brought by respondent to enforce liability on the policies. In *Murray* v. *State Mutual Life*

*Ins. Co.*, 22 R. I. 524, it was held that the insurer was bound' by the incontestable clause contained in its policy and after the lapse of the period specified was precluded from setting up a defense based upon false and fraudulent answers made by the insured in his application. This case is quoted with approval in *Feierman* v. *Eureka Life Ins. Co. of Baltimore*, 124 Atl. 171 (Pa). In this case it appeared that the insured died within the contestable period but proof of death was filed thereafter. The court held that the great weight of authority supported the position that the insurer must disavow liability within the contestable period by seeking to have the policy cancelled. Judgment was ordered for plaintiff because the company did not act within two years from the date of the issuance of the policy. When construing an incontestable clause in *Mohr* v. *Prudential Ins. Co.*, 32 R. I. 177, the court held that, after the expiration of the contestable period, defendant could not contest liability on the ground that the insured was not in good health at the time of the delivery of the policy. See also *Killian* v. *Metropolitan Life Ins. Co.*, 64 A. L. R. (N. Y.) 956.

Respondent had six years from the death of Mr. Tanenbaum within which to commence an action against complainant to enforce payment of the policies. By not commencing her action within one year from the date of the policies she would prevent complainant from making a defense of fraud. This fact makes it manifest that complainant had no remedy at law and that its only remedy was in a court of equity. In *New York Life Ins. Co.* v. *McCarthy*, 22 F. (2d) 241, it was held that complainant had a right to bring a bill in equity to cancel a policy for false representations in the application after the death of the insured but within the contestable period and before the commencement of an action at law because, at that time, complainant had no adequate remedy at law. See also *Metropolitan Life Ins. Co.* v. *Carter*, 252 Mich. 432; *N. Y. Life Ins. Co.* v. *Steinman*, 143 Atl. (N. J.) 529; *Pac. Mutual Life Ins. Co. of Cal.* v. *Glaser, supra.*

Respondent could have asked the court to frame issues to be tried by a jury. § 4984, G. L. 1923. She waived her right to this form of trial by proceeding, without objection, to have the issues tried by the court.

Respondent contends that the bill should be dismissed because actual fraud is alleged in the bill and was not found by the court. The court found, after a careful consideration of the testimony, that the answers by the insured to questions 8 and 9 in the application were untrue and constituted fraud. The testimony fully supports the finding of facts and the conclusion follows as a matter of law. It is generally held that a representation as to a material fact which is false in fact need not have been fraudulently made. 32 C. J. 1286. In *Leonard* v. *State Mutual Life Assurance Co.,* 24 R. I. 7, in reply to plaintiff's claim that an untrue answer did not avoid the policy because innocently made, the court said: "falsity, not fraud, is the basis of liability on a warranty." It was held that: "The answer being untrue, and being a part of the contract and relating to a matter within the knowledge of the applicant, it must be regarded as a material misstatement which avoids the contract." See also *Wells* v. *Great Eastern Cas. Co., supra; Stango* v. *Metropolitan Life Ins. Co.,* 162 Atl. (N. J.) 533; *Kerpchak* v. *John Hancock Mut. Life Ins. Co.,* 117 Atl. (N. J.) 836.

After a careful consideration of the evidence and the law applicable thereto, we find no error in the decree.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*McGovern & Slattery, James A. Higgins,* for complainant.

*Knauer & Fowler, Frank H. Bellin,* for respondent.

*Comstock & Canning, Andrew P. Quinn,* for Industrial Trust Company, as *amicus curiae.*