Cohn, J.
Plaintiff seeks to recover upon three airline trip insurance policies, each in the sum of $5,000, insuring against loss of life, one Harry L. Slater who was killed in an airplane accident on June 17, 1948, while flying from Chicago to New York.
On June 11, 1948, Slater purchased a ticket from American Airlines, Inc., for a one-way trip from La Guardia Field to Chicago, scheduled to fly on June 14, 1948. On the morning of the latter date he obtained policies from an automatic policy vending machine located at the airfield by inserting in the machine twenty-five cents for each policy. On the outside of the machine appear the words “ Insurance $5,000 to $25,000 (in units of $5,000) ” and then in a square box on the side of the machine appears the following direction “ Decide amount of insurance wanted not to exceed $25,000. Then insert total number of 25(5 pieces required.”
The vending machine is so constructed that when a twenty-five-cent coin is inserted in a slot provided for the purpose, it ejects an original policy and retains a duplicate for the company’s record. The person operating the machine fills out at a space provided on the machine, the name and address of the person who is operating it, the name and address of the beneficiary, the place of departure and the destination. The machine itself records the date when the policy is issued, the. time of day and amount of coverage.
At 7:43 a.m. on June 14, 1948, Slater operated the machine by inserting five quarters, each time filling in the blanks in his own handwriting, and obtained policies Nos. 27689, 27690, 27691, 27692 and 27693, in each of which he designated Gertrude Slater, his wife, as beneficiary. Within a minute after obtaining these five policies aggregating $25,000 in principal sum, Slater continued to operate the machine and upon inserting three additional quarters obtained the three policies upon which this action is brought, each calling for insurance in the principal sum of $5,000. On these three policies plaintiff Cardinal Electronics Company was designated as beneficiary. They are numbered 27694, 27695 and 27696. Before boarding the plane, deceased had in his possession eight policies, five in the aggregate sum of $25,000 naming his wife as beneficiary and three in the sum of $5,000 each naming plaintiff as beneficiary. Presumably, before Slater took off he mailed these policies to the respective beneficiaries in envelopes provided by^ defendant for that purpose. Duplicate carbon copies of the agreements remained in the vending machine.
*81 Slater boarded the airplane and arrived safely in Chicago on the same day. Three days later he became a passenger on a plane at Chicago after purchasing a one-way ticket for transportation to New York City via United Airlines. When this airplane crashed in the State of Pennsylvania on its flight from Chicago to New York, Slater was one of those who perished in the accident. Defendant has rejected plaintiff's claim under the three policies in suit and, as required by the terms of the policy, has tendered to plaintiff a return of the premium of seventy-five cents.
We are of the opinion that the policies herein sued upon were void from inception because they exceeded the aggregate amount of $25,000. The policies issued to Slater specifically stated in large and legible type on their face: “ Do not purchase more than a total of $25,000 principal sum.” Moreover, in heavy black print, the policies provided: “ 19. If a like Policy or Policies, previously issued by the Company to the Insured be in force concurrently herewith, making the aggregate indemnity in excess of $25,000, the excess insurance shall be void. * * (Emphasis ours.)
Paragraph No. 19 of the policy is the standard provision required by clause (A) of paragraph (d) of subdivision 4 of section 164 of the New York Insurance Law. There appears to be not the slightest ambiguity in that provision nor in the clause which precedes it. Even before the deceased received the policies upon which suit is brought, he was advised in clear and unmistakable language which appeared on the outside face of the vending machine itself at about the place where the twenty-five cent piece was to be inserted that the amount of insurance to be purchased was not to exceed $25,000. Moreover, a specimen of the policy, containing complete terms, was annexed to the machine, available for reading.
In view of these undisputed facts, it is clear the deceased was chargeable with knowledge of the provisions of the policy and that the terms were binding on him and on plaintiff. The law is well settled that he who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is presumed to. know its contents and to assent to them and there can be no evidence for the jury as to understanding of its terms. This rule applies to insurance contracts as it does to contracts of any other kind (Metzger v. Aetna Ins. Co., 227 N. Y. 411, 416; Russell v. Prudential Ins. Co., 176 N. Y. 178,188; Minsker v. John Hancock Mut. Life Ins. Co., 254 N. Y. 333, 338).
*82 As it indisputably appears that Harry L. Slater first obtained five policies of $5,000 each for a total of $25,000 in which he named his wife as beneficiary and that he thereafter purchased the three policies for $15,000 in which he designated Cardinal Electronics Company as beneficiary, the three latter policies for which this action was instituted are void because they were in excess of the aggregate amount of indemnity limited by the terms of the contract.
There is a second affirmative defense alleging that the policies contained a provision to the effect that they covered “ one-way trip only unless a round trip airline ticket is originally purchased,” and that the deceased failed to comply with this term of the contract. However, in view of our determination sustaining the first defense, it is unnecessary to pass upon any other question.
We find no triable issue in view of the fact that defendant by documentary evidence has fully established its first affirmative defense. The order denying defendant’s motion for summary judgment should be reversed, with $20 costs and disbursements, and defendant’s motion for summary judgment should be granted and the complaint dismissed.
Glennon, J. P., Dore, Callahan and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion for summary judgment granted, and judgment is directed to be entered dismissing the complaint with costs.